32 C.C.P.A. (Patents)

## Application of PARKER.

### Patent Appeal No. 4931.

Court of Customs and Patent Appeals.

Dec. 11, 1944.

Mason & Porter, of Washington, D.C. (Charles J. Diller, of Washington, D.C., of counsel), for appellant.

W. W. Cochran, of Washington, D. C. (E. L. Reynolds, of Washington, D. C., of counsel), for the Commissioner of Patents.

Before GARRETT, Presiding Judge, and BLAND, HATFIELD, JACKSON, and O'CONNELL, Associate Judges.

HATFIELD, Associate Judge.

This is an appeal from the decision of the Board of Appeals of the United States Patent Office affirming the decision of the Primary Examiner rejecting claims numbered 2, 4, and 5 in appellant's application for patent for an alleged invention relating to improvements in flexible tubing "for use in aircraft fuel and hydraulic systems."

That appellant's application discloses an invention is evidenced by the fact that two claims (numbered 3 and 6) have been allowed.

Claim 5 is illustrative of the appealed claims. It reads:

"5. A flexible tubular structure comprising an inner tube of rubber, a surrounding sleeve of braided glass fibers, and an external coating of a chlorinated vinyl polymer penetrating through the interstices of said sleeve and individually coating the fibers thereof and cushioning them against mutual severing contact."

The references are:

Schnabel, 2,053,112, September 1, 1936;

Miller, 2,211,147, August 13, 1940;

Farrar et al., 2,256,386, September 16, 1941;

Vohrer, 2,257,355, September 30, 1941.

As appears from quoted claim 5, appellant's structure comprises an inner tube of rubber, a surrounding sleeve of braided glass fibers, and an external coating of a chlorinated vinyl polymer which penetrates through the interstices of the glass sleeve and coats the glass fibers, thereby cushioning them against "mutual severing contact."

The chlorinated vinyl polymer is a flexible plastic material, which, according to appellant's specification, penetrates the interstices of the glass sleeve to the extent that the sleeve is completely embedded in the plastic material, thereby preventing the glass fibers rubbing together during flexing of the tube.

Claim 5 differs from claims 2 and 4 in that it calls for an external coating of "a chlorinated vinyl polymer."

Claim 4 calls for an external coating of a "vinyl polymer."

Claim 2 is broader than claims 4 and 5 in that it calls for an external coating of a "flexible plastic" material.

Claims 2 and 4 were rejected by the tribunals of the Patent Office on the patent to Schnabel in view of the patents to Miller and Farrar et al., and claim 5 was rejected on the patent to Schnabel in view of the patents to Miller, Farrar et al., and Vohrer.

The patent to Schnabel relates to a flexible hose or tube, and discloses, among other forms, one comprising two layers of fabric. In this form, one layer of fabric is on the outside and the other layer is "within," as stated in the patent, a wall "made of polyvinylic alcohol."

In his statement to the board, the Primary Examiner referred to figure 3 of the Schnabel patent and stated that it "shows a hose having an inner tube of poly-vinylic alcohol * * *, a layer of textile fabric * * *, and a second layer of polyvinylic alcohol."

In the disclosure in figure 3, the hose, as explained in the patentee's specification, is composed of two layers of fabric. One layer being on the outside and the other "within" an inner wall made of polyvinylic alcohol. Accordingly, the patentee's hose may be considered as having either two or four layers of material, depending upon the construction placed upon his explanation of figure 3. If the hose is considered as being composed of two layers, the inner layer of fabric would be impregnated with the polyvinylic alcohol and become a part thereof, and the outer wall would be a fabric material. If it is considered as being composed of four layers, the inner layer would be polyvinylic alcohol, the next would be a fabric material, the next would be another layer of polyvinylic alcohol, and the outer layer or covering would be a fabric material.

So far as the issues here are concerned, it is immaterial which of the two constructions is placed upon that disclosure.

In example 4 of the Schnabel patent it is stated that the flexible hose may be produced "by applying a layer of polyvinylic alcohol on fabric or working it into the material, after which the hose is provided with a covering of simple fabric or an impregnated fabric."

The patent to Miller relates to a flexible hose, and was cited because it discloses an inner layer or tube composed of "Neoprene."

The Primary Examiner stated that counsel for appellant conceded that the "Neoprene" disclosed in the Miller patent was the equivalent of rubber. That statement is not challenged here.

It appears from appellant's application that a flexible hose usually comprises an inner layer of rubber or synthetic rubber, an intermediate tube of braided fabric, and an outside covering of thin rubberized fabric.

The patent to Farrar et al. relates to a flexible hose, and discloses the use of fabricated glass either woven or braided into cloth or tape as one or more of the layers or sleeves in a flexible tube construction. The patent also discloses the use of fibered or spun glass in the form of thread twisted into yarn. The patentee states that the fabricated spun glass *cloth* or *tape* is "spirally wound to form a substantially continuous wall structure, or the *glass thread or yarn* may be directly woven upon the lacquer wall" in such manner that it will not be impregnated with the lacquer (italics ours); that the air spaces between the glass fibers serve to increase the insulating properties of the fabricated glass; and that "even when the glass fabric is applied to the lacquer wall while the lacquer is in plastic or semi-fluid condition the glass fabric will not be impregnated with the lacquer to any substantial degree." The patentee also discloses another embodiment of his invention, illustrated in figure 2. In that embodiment, a cord of "fabricated glass is provided as a packing for the convolutions of the metal core," and the patentee states that *"If desired, it* [the cord] *can be impregnated with a sealing substance to fill the voids or spaces between the glass fibers whereby to form a more effective seal."* (Italics ours.) Nothing is said in the patent about impregnating

either of the patentee's other layers of fabricated glass cloth or tape with a sealing material.

The patent to Vohrer relates to flexible tubes or hose, and was cited because it discloses the use of "a chlorinated vinyl polymer," as called for by appealed claim 5.

The tribunals of the Patent Office held that in view of the disclosure in the Farrar et al. patent and the disclosures in the Schnabel and Miller patents it would not involve invention to employ, as does appellant, an external coating of flexible plastic material and impregnate the sleeve of braided glass fibers so as to prevent the fibers rubbing together.

It is contended here by counsel for appellant that the disclosure in the Farrar et al. patent of impregnating the fabricated glass cord in order to form a more effective seal does not suggest that a sleeve of braided glass fibers might be impregnated with an outer coating of a plastic material, as called for by the appealed claims.

Each of the tribunals of the Patent Office disagreed with that argument of counsel, and so do we.

In view of the teaching in the Farrar et al. patent of impregnating a cord of spun glass, we think it would be obvious to one skilled in the art that a cloth or tape of spun glass could be impregnated with a plastic material, such as called for by the appealed claims, so as to prevent the glass fibers rubbing together.

For the reasons stated, we are of opinion that the claims here on appeal are not patentable over the references of record, and that the tribunals of the Patent Office reached the right conclusion.

The decision of the Board of Appeals is affirmed.

Affirmed.